State of Wisconsin, Plaintiff-Respondent,
v.
Justin C. Forrest, Defendant-Appellant.
No. 2004AP2196-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 14, 2005.
Before Deininger, P.J., Dykman and Lundsten, JJ.
¶1 PER CURIAM.
Justin Forrest appeals from a judgment convicting him of second-degree sexual assault of a child. The evidence against him included his confession while in police custody. He entered a plea to the charge after the trial court denied his motion to suppress that confession. On appeal he contends that the trial court erred when it denied his suppression motion. We affirm.
¶2 A police officer went to Forrest's apartment looking for a runaway juvenile, Amber C. He entered the apartment and received Forrest's permission to search for Amber, whom Forrest said was not there.
¶3 In the course of the search the officer looked into an oven and saw drug paraphernalia. He continued his search and eventually found Amber hiding elsewhere in the apartment. According to his report on the incident, the officer then arrested Forrest for possession of the paraphernalia in the oven. Forrest's confession of sexual contact with Amber followed his arrest.
¶4 Forrest's suppression argument is as follows. The consent he gave the police officer to search his apartment for Amber did not include consent to search small enclosed spaces. Because the officer had no consent to search the oven, his arrest of Forrest for the contraband discovered there was unlawful. The subsequent confession was therefore a "fruit of a poisonous tree," subject to suppression.
¶5 We need not decide whether the officer lawfully searched the oven. Police officers may arrest a person on probable cause that he or she has committed a crime. State v. Secrist, 224 Wis. 2d 201, 212, 589 N.W.2d 387 (1999); WIS. STAT. § 968.07(1)(d) (2003-04).[1] Under WIS. STAT. § 946.41(2)(a), it is a crime to knowingly give an officer false information, which is what Forrest did when asked if Amber was in his apartment. Although the officer seemingly relied on other grounds to arrest Forrest, we measure the legality of the arrest under an objective probable cause standard. See State v. Kiekhefer, 212 Wis. 2d 460, 484, 569 N.W.2d 316 (Ct. App. 1997) ("The probable cause standard is an objective one; the officer's subjective state of mind is irrelevant.") Forrest's lie about Amber provided objective grounds for arrest, and therefore rendered his arrest lawful. Because it was lawful, his subsequent statement was admissible.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.